**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Saul CUADRAS–CAMACHO,
Defendant–Appellant.**

**No. 01–50015.
D.C. No. CR–00–01197–JM.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

---

MEMORANDUM **

Saul Cuadras–Camacho appeals his guilty plea conviction for knowingly and intentionally importing marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cuadras–Camacho contends that the district court erred in denying his motion to dismiss the indictment because 21 U.S.C. § 960 is facially unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002) (concluding that § 960 is facially constitutional).

Cuadras–Camacho also contends that under *Apprendi* the government is required to prove mens rea as to drug type and quantity beyond a reasonable doubt. This contention is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (concluding that *Apprendi* does not change the "long established rule" that the government need only show that the defendant knew he imported or possessed some controlled substance).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.